UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00026-R

**LORI WILSON**                                                                                                          **PLAINTIFF**

v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security Administration**                                       **DEFENDANT**

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Lori Wilson's application for attorney's fees under the Equal Access to Justice Act (DN 13). The Government has responded (DN 14) and Plaintiff has replied (DN 15). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

On August 12, 2011, Magistrate Judge King issued a report and recommendation urging reversal of a social security disability benefits decision regarding Plaintiff. Report & Recommendation, DN 9. The Government did not object and the Court entered an order adopting the report and recommendation on September 16, 2011. Order, DN 10.

Plaintiff's attorney now moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). He has attached records and an affidavit indicating he worked 33.9 hours on the matter at a rate of $125.00 an hour, for a total of $4,237.00. He also claims court costs in the amount of $350.00. The Government has responded to the motion asking that Plaintiff counsel's fees be adjusted downward, as the time he spent on certain tasks appears inflated. The work to which the Government objects is as follows:

| Date | Hours | Description |
|---|---|---|
| 5/03/11 | 2.10 hrs | Review order and review administrative record |
| 6/28/11 | 4.50 hrs | File study |
| 6/29/11 | 8.50 hrs | Research, file study, and begin fact and law summary and motion for summary judgment |
| 7/01/11 | 10.50 hrs | Prepare fact and law summary and motion for summary judgment and more research |
| ... | | |
| 9/27/11 | 2.50 hrs | Preparation of motion for EAJA fee, prepare motion for extension |
| 10/24/11 | 3.50 hrs | Preparation of motion for EAJA fee |

DN 13-3 (formatting altered). The Government asks that Plaintiff counsel's 25.6 hours worked between May 3, 2011 and July 1, 2011, be reduced to 20 hours. In addition, the Government states Plaintiff counsel's time spent preparing the motion for EAJA fees should be cut from 6.0 hours to 3.0 hours.

## STANDARD

Under the EAJA, "eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) . . . that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The applicant for fees under the EAJA "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The applicant must exercise "billing judgment" with regard to the hours worked. *Id*. Fees that are redundant, excessive, otherwise unnecessary, or inadequately undocumented may be excluded by the reviewing court. *See id*. at 434. "A district court has broad discretion when determining whether fees should be awarded under the EAJA and its decision will only be overturned if the district court abuses its discretion." *Vanner v. Comm'r of*

*Social Sec.*, No. 09–CV–12082, 2011 WL 2650257, at *1 (E.D. Mich. July 6, 2011) (citing *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997)).

## DISCUSSION

Courts routinely use a lodestar approach to award attorney fees under the EAJA, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). The Government does not contest the hourly rate requested by Wilson's attorney, but instead seeks to subtract the number of hours he has billed.

Between May 3, 2011 and July 1, 2011, Plaintiff counsel documents 25.6 hours expended on reviewing the social security orders and administrative record, studying the social security file, researching, and writing the law summary and motion for summary judgment. DN 13-3. The Government points out that the administrative transcript is 437 pages in length and the accompanying brief for summary judgment is only 14 pages long. It further states Plaintiff's brief only contains six pages of legal analysis, one of which is a block quotation from a prior decision. Accordingly, the Government asserts the time billed by Plaintiff's counsel should be reduced to 20.0 hours.

In his reply, Plaintiff's counsel submits additional documentation specifying the research he conducted on Westlaw's database and citing additional cases he reviewed by did not cite within his brief. DN 15-1 at 1-4; DN 15-2 at 1. He continues, stating the decision by the ALJ and the magistrate court judge turned on the definition of "deficiencies in adaptive functioning," a nuanced phrase within the lexicon of social security law. Thus, Plaintiff's counsel says he expended the time he billed on the review of both the record and the law surrounding this legal issue.

The Court believes Plaintiff's counsel has met his burden. His brief for summary judgment includes extensive citations of the administrative record, recounting in detail Plaintiff's cognitive deficiencies. Many of the facts he documents are pulled not from doctors' records, but from other sources that could have been overlooked without a searching examination. DN 7 (citing employment records and earnings records). In the legal analysis portion of his brief, Plaintiff's counsel describes five possible reasons to reverse the ALJ's decision, all involving mixed questions of law and fact. He has also provided a number of legal decisions included in his research but not cited in his brief, with corresponding notes supporting the claim that he examined these issues thoroughly. The Court cannot say these efforts were an unreasonable use of time.

With respect to Plaintiff counsel's preparation of this motion requesting EAJA fees, the Government questions his submission of 6.0 hours for reimbursement. It notes the brevity of the motion and reply, and asks the Court to reduce the time requested to 3.0 hours. Plaintiff's counsel does not address this portion of Government's motion in his reply. Therefore, the Court will grant this part of Government's request.

Finally, both parties concede that any award of EAJA fees should be made payable to Plaintiff and not to her counsel. The Court will craft its order to reflect this agreement.

IT IS HEREBY ORDERED:

(1)   Attorneys' fees in the amount of $3,862.50 are granted to Plaintiff Lori Wilson.

(2)   Costs in the amount of $350.00 are granted to Plaintiff Lori Wilson.

(3)   The Commissioner is granted 30 days from the date of this Order to determine whether the EAJA fee award is subject to an offset for any pre-existing debt owed to the United States Government.

(4) Defendant shall issue a check payable to Plaintiff, in the amount of $4,212.50 minus any offset for any pre-existing debts owed by Plaintiff to the United States. The Commissioner shall mail the check directly to Plaintiff's attorney at the following address: **Craig Housman 109 South Fourth Street, P.O. Box 1196, Paducah KY 42002-1196.**

Cc: Counsel